MILLER BROS. HAT CO., Inc.,
Plaintiff,

v.

ADAM MANAGEMENT CORP., Joseph
Kanner Hat Co., Inc. and Joseph
Kanner, Defendants.

United States District Court
S. D. New York.
Feb. 4, 1959.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for plaintiff, Samuel J. Silverman, Arthur L. Liman, Golden, Wienshienk, Rosenthal & Mandel, Philip Mandel, New York City, of counsel.

Manning, Hollinger & Shea, New York City, for defendants, William A. Shea, Bruce A. Hecker, Robert J. Ruben, New York City, of counsel.

DAWSON, District Judge.

This is a motion for an order granting summary judgment declaring that defendants have infringed plaintiff's trademarks and enjoining defendants from continuing said infringements, and directing that an accounting be held for profits and damages.

It appears from the papers that the plaintiff and Adam Consolidated Industries, Inc. entered into certain agreements, dated December 29, 1954 and January 5, 1955, by which plaintiff purchased Adam's wholesale hat business, acquired certain trademarks theretofore owned by Adam and at the same time granted to Adam a perpetual license to

manufacture and sell hats and apparel at retail under the Adam trademarks through retail stores and agencies. It also appears that by agreement dated August 23, 1957, Adam Consolidated Industries, Inc. employed defendant Adam Management Corporation as manager of its hat business.

The construction of the agreements constitutes the primary question in this action. Plaintiff contends that defendants are using the marks for their own benefit as principals, and not as employees or agents of the licensee. Plaintiff further contends that as a matter of law its agreement with its licensee was not an assignable one.

The issues in the case present numerous questions of fact, as well as questions relating to the interpretation of the written agreements. This becomes abundantly clear when one considers the numerous factual exhibits and affidavits submitted by the plaintiff in support of its motion. If this were merely a matter of interpretation of one or two written agreements, the action might be one where summary judgment properly would lie. However, it is apparent from the motion papers that the determination of the issues in the action will require consideration of factual evidence outside the written agreements. The moving affidavit, after describing the contracts, devotes many pages to what it entitled "Defendants' Practices under the 'Employment' Agreement."

Defendants urge that the pleadings and affidavits raise genuine and substantial issues of material facts. A consideration of the papers would lead to the conclusion that they are right.

The issue on a motion for summary judgment is not the ultimate issue but rather whether there is any genuine issue of any material fact. In order to grant summary judgment the Court must first conclude that the pleadings, depositions and admissions, together with affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c) of the Rules of Civil Procedure, 28 U.S.C.A. A consideration of the papers on this motion would not enable the Court to reach such a determination. There are issues of fact.

The motion is denied. So ordered.